UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ERNEST RUDOLPH,

                      Plaintiff,                    REPORT AND
                                                      RECOMMENDATION

      -against-                                     CV 02-4103 (TCP) (ETB)

CUSTOM COATINGS, INC.,
                      Defendant.
------------------------------------------------------------------------X

TO THE HONORABLE THOMAS C. PLATT, UNITED STATES DISTRICT JUDGE:

      Before the Court is the pro se plaintiff's self-styled "motion to amend," supported by two documents totaling six pages in length. The first document, filed on March 15, 2006, is titled "Affirmation in Support of Amending Lawsuit." The document, annexed at Exhibit A, consists of unintelligible and incoherent written stream of consciousness phrases. The second document, annexed at Exhibit B, was filed on April 10, 2006, and is similarly titled "In Support of My Lawsuit Affirmation." This document appears to consist of copies of assorted forms pertaining to plaintiff's interactions with the Suffolk County Department of Social Services. Even construed under the liberal standard afforded to pleadings by pro se litigants, see Ferran v. Town of Nassau, 11 F.3d 21, 22 (2d Cir. 1993), neither "affirmation" can be read to contain any new allegations, causes of action, or proposed defendants related to plaintiff's lawsuit.

      Rule 15 (a) of the Federal Rules of Civil Procedure provides in pertinent part that leave to amend a party's pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, leave to amend may be denied where there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility . . . ." Monahan v. New York City Dep't of Corr., 214 F.3d 275, 283 (2d Cir.2000).

1

This action has been pending since July 2002– almost four years. This is not the first attempt that the plaintiff has made to amend the complaint, even though discovery has been certified as complete and the action has been referred to the assigned Article III judge for trial. (See Memorandum dated January 24, 2006.)

The first request to amend was referred to the undersigned and denied by order dated February 26, 2006, with leave to renew based on the failure to serve a copy of the motion on the defendant, which appears in this action through counsel, Kaufman Schneider & Bianco, LLP, 390 North Broadway, Jericho, New York, 11753.

The apparent renewal suffers from the same defect. In addition, the application fails to set forth any facts that would justify the relief requested; fails to attach a copy of any proposed pleading; and comes almost four years after this action was commenced and forty-five days after certification of the action as trial ready and discovery complete. In light of the foregoing, granting Rudoph's motion to amend his complaint would be futile. See Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (affirming district court's denial of pro se plaintiff's motion to amend because because plaintiff's "'motion [was] made after an inordinate delay, no satisfactory explanation [was] offered for the delay, and the amendment would prejudice the defendant.'") (quoting Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir.1990)).

RECOMMENDATION

For the reasons set forth above, the renewed request to amend the complaint is without any merit and should be denied on the merits and for lack of service.

OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of the date of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), and 72(b); IUE AFF-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822 (1994); Frank v. Johnson, 968 F.2d 298 (2d Cir. 1992), cert. denied, 506 U.S. 1038 (1992); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curium).

SO ORDERED:

Dated: Central Islip, New York
April 17, 2006

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge